# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made this 25th day of May 2018 (the "Effective Date"), by and between Ke Wei Chen and his company Chen Asian & Sushi Inc. which operated a restaurant at 33-19 36th Avenue, Long Island City, New York ("Chen and Company")), and Chun Feng Xia ("Xia") (collectively, "the Parties").

WHEREAS, Xia, through his counsel, filed a Complaint in the U.S. District Court for the Eastern District of New York (Case No. 1:18-cv-01409).

WHEREAS, Xia, through his counsel, alleges claims arising from his employment with Chen and Company including unpaid wages; failure to pay minimum and overtime wage under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"); failure to pay NYLL "spread of hours" premium pay; failure to provide required wage notices and paystubs under NYLL; failure to reimburse for expenses relating to tools of the trade as required by FLSA; and violations of New York General Business Law § 349.

WHEREAS, Chen and Company deny that they were Xia's employers under FLSA and NYLL. Chen and Company deny Xia's allegations and deny that they haves engaged in any unlawful conduct arising from Xia's employment; and

WHEREAS, the Parties wish to resolve any and all disputes, claims, complaints, grievances, charges, actions, petitions, and demands that Xia may have against Chen and Company and any of the Releasees as defined below, for or on wage and hours, violations of FLSA, and violations of NYLL arising out of or in any way related to Xia's employment with Chen and Company;

NOW, THEREFORE, in consideration of the mutual promises made herein, Chen and Company and Xia hereby agree as follows:

1. **Settlement Payment**: In consideration for the covenants and agreements set forth in this Agreement, including receipt by Chen and Company of a copy of the Proposed Voluntary Dismissal with Prejudice of Case No. 1:18-cv-01409, Chen and Company shall make payment in the amount of Seven Thousand and 00/100 ($7,000.00) Dollars ("Settlement Payment") to "Hang & Associates, PLLC." The Settlement Sum shall be allocated as follows:

   a) $4,166.67 to "Chun Feng Xia".

   b) $2,833.33 to "Hang & Associates, PLLC" including $2,083.33 for attorneys' fees and $750.00 for filing fees, expenses and costs.

   c) Payable to Xia's counsel, Hang & Associates, PLLC, as attorneys. Upon receipt and clearance of the Settlement Payment, Hang & Associates shall provide Xia with his portion of the Settlement Payment, pursuant to the terms of their retainer agreement. Plaintiff will be responsible for any taxes due on said consideration and agrees to indemnify and hold harmless DEFENDANT for any such liability.

1

The full settlement amount of $7,000.00 has been paid to Xia's counsel on April 20, 2018. Should the Court reject this Agreement, Hang & Associates, PLLC shall return the Settlement Payment of $7,000.00 to Chen and Company within 5 days of Court's notice or order.

2. **Voluntary Dismissal with Prejudice**: As a condition of the Chen and Company entering into this Agreement, Xia represents that upon receipt of the Settlement Payment by Xia's counsel Hang & Associates, Xia will cause Hang & Associates to file a Notice of Voluntary Dismissal with Prejudice for his Complaint captioned Case No. 1:18-cv-01409 in the U.S. District Court for the Eastern District of New York.

3. **Acknowledgment**: Xia acknowledges that the Settlement Payment specified in Paragraph 1 of this Agreement is specific and sufficient consideration for the releases and covenants contained in this Agreement. Further, by signing this Agreement, Xia agrees that he is not entitled to any other payments, and that he has been fully and properly compensated for all work performed Chen and Company or any of the Releasees.

4. **Release of Claims**: In consideration of the Settlement Sum referred to in Paragraph 1 hereof, Xia for himself and his heirs, successors and assigns, hereby promise and represent that, other than the aforesaid Lawsuit, they have not, and shall not, commence any administrative or judicial lawsuit or proceeding seeking unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit against Chen and Company and their insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives (hereafter collectively referred to as "Releasees"), and Xia hereby releases and discharge Releasees from, and hold them harmless against, any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims and labor and employment law violation claims which they now have under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, New York Labor Law ("NYLL") §§ 650 *et seq.*, and Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations of New York State (12 NYCRR 146), promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law)

5. **No Further Claim Filed**: As a condition of the Chen and Company entering into this Agreement, Xia represents that he will not file any further claim against Chen and Company or the Releasees for or on wage and hours, violations of FLSA, and violations of NYLL arising from his employment.

6. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by Xia and Chen and Company, and such changes refer specifically to this Agreement.

7. **Entire Agreement**: This Agreement contains the entire agreement between Xia and Chen and Company, and replaces any prior or contemporaneous agreements or understandings between Xia and Chen and Company, whether written or oral.

8. **Knowing and Voluntary Nature of This Agreement**: By signing this Agreement, Xia agrees and acknowledges that:

   a. He has carefully read, and understands, this Agreement;
   b. This Agreement provides consideration greater than that to which he may otherwise be entitled.
   c. He understands that this Agreement is legally binding and by signing it he gives up certain rights; and
   d. He has voluntarily chosen to enter into this Agreement and has not been forced or pressured in any way to sign it.

Ke Wei Chen

By: _____   Date: 5/25, 2018
    Ke Wei Chen

Chun Feng Xia

By: _____CHUNFENG XIA_____   Date: 5/25, 2018
    Chun Feng Xia

On the 25 day of May, 2018, before me, the undersigned, personally appeared Chun Feng Xia, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument..

**JIAN HANG**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02HA6280171**
**Qualified in Queens County**
**My Commission Expires April 22, 20__21__**

_____
Notary Public